

ORDERED in the Southern District of Florida on October 25, 2011.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

HEINZ VIEWEG and                              Case No. 10-18022-BKC-AJC
LAURE OBREGON,

    Debtors.
_____/
DREW DILLWORTH, Trustee

    Plaintiff,                                Adv. No. 11-1949-BKC-AJC-A

vs.

HEINZ VIEWEG and
LAURE OBREGON,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS COMPLAINT WITH PREJUDICE**

THIS CAUSE came before the Court for hearing on August 15, 2011 upon the Debtors'

motion to dismiss the complaint filed by the Trustee as untimely. The matter was taken under advisement at the hearing. Having considered the record, the parties' post-hearing submissions, and the applicable law, the motion is granted.

The relevant facts are undisputed. Debtors filed their voluntary petition under Chapter 7 on Monday, March 29, 2010. The first date set for the §341(a) Meeting of Creditors was noticed by the Clerk of the Court for May 7, 2010, pursuant to Bankruptcy Rule 2003(a); and, the initial deadline for filing an complaint objecting to discharge was set for July 6, 2010 pursuant to Bankruptcy Rule 4004(a).

On five (5) separate occasions, the Plaintiff sought and obtained an extension of time to file a complaint objecting to the Debtors' discharge. Four (4) of those requests were unopposed and/or agreed to by the Debtors, including the last request which granted Plaintiff "an extension of time through and including April 30, 2011, within which to timely file a complaint objecting to Debtors' discharge and/or to timely object to Debtors' claimed exemptions." (DE 52).

The last order granting an extension of time ("Fifth Extension Order") was drafted by Plaintiff's counsel. The form of order presented to the Court as the agreed order between the parties was signed and entered on the docket, without amendment. The date selected by Plaintiff's attorney as Plaintiff's deadline to timely file a complaint objecting to Debtors' discharge was a Saturday, April 30, 2011. On May 2, 2011, two (2) days after the deadline stated in the Order, Plaintiff filed his complaint. Defendants responded with their motion to dismiss.

Having expressly extended the bar date until Saturday, April 30, 2011, the Court must determine whether the complaint objecting to discharge, filed on Monday, May 2, was timely. The issue before the Court is whether the bar date, as contained in the parties' agreed order granting an extension of time for filing a complaint, may be altered by the rules regarding computation of time

periods. The Debtors contend that the complaint is time-barred because it was not filed by April 30, 2011, despite the fact that with CM/ECF, Plaintiff's counsel was capable of doing so. The Debtors argue that Plaintiff's failure to file within the exact time period to which the parties agreed effectively cuts off a creditor's substantive rights, thus disarming the Bankruptcy Court of jurisdiction to decide the matter. The Trustee asserts that under the Bankruptcy Rules, the last day for him to file a complaint was Monday, May 2, 2011, the first business day following the extended deadline.

The time for filing a complaint objecting to discharge is governed by Bankruptcy Rule 4004, which reads:

> (a) **Time for Objecting to Discharge; Notice of Time Fixed**. In a Chapter 7 case, a complaint, or a motion under §727 (a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).
>
> (b) **Extension of Time**. On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Bankruptcy Rule 9006(a) provides standards for computing time periods and 9006(b) grants the bankruptcy court discretion to extend these periods where the court finds cause. The Trustee asserts that Rule 9006 provides that, in computing any period of time prescribed or allowed by the rules, the day of the act, event or default from which the designated period of time begins to run shall not be included, and the last day of the period so computed shall be included, *unless* it is a Saturday or a Sunday, in which event the period runs until the end of the next accessible day which is not one of the aforementioned days. Accordingly, if Rule 9006(a) is applicable to the instant case, the Trustee believes his complaint is timely.

However, the Court agrees with the Debtors that, where the parties have agreed to a date

certain, as here, the need for computation under Rule 9006 is inapplicable. The Court need only read the plain language of the Fifth Extension Order. The Fifth Extension Order states Plaintiff was granted "an extension of time through and including April 30, 2011, within which to timely file a complaint objecting to Debtors' discharge and/or to timely object to Debtors' claimed exemptions." The Fifth Extension Order does not describe any time period (stated in days, hours, weeks or any other unit of time) within which Plaintiff's complaint could be timely filed. Rather, it established a fixed point in time prior to which a filed complaint would be a timely filed complaint. The necessary inference flowing from the language of the Fifth Extension Order is that a complaint filed after April 30, 2011 would be untimely.

Where the parties themselves agreed to a time or date certain by which they resolved to have the complaint filed, the Court will not impress a further deadline to the detriment of the Debtor. In the cases relied upon by the Trustee, there is no instance in which the parties agreed to a deadline which expired on a Saturday, where it is further undisputed that the filing party, the Trustee in this case, had the where-with-all to file the complaint in the electronic filing system, CM/ECF, which is available 24/7.

The Chapter 7 Trustee requested and received five (5) extensions of time to file a complaint objecting to the Debtors' discharge. The Fifth Extension Order, drafted by Plaintiff's counsel, contained a fixed point in time by which a complaint needed to be filed to be considered timely. The Fifth Extension Order did not state the period of time that comprised the extension in days, weeks, months or any other unit of time. There was, therefore, no period of time for the Court to compute to determine the "last day" for Plaintiff to timely file a complaint. Instead, the Court believes the plain language of the Fifth Extension Order determines whether Plaintiff's complaint is timely. As the complaint was filed after April 30, 2011, it is not timely. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint With Prejudice (CP#7) is GRANTED. Plaintiff's Complaint (CP#1) is DISMISSED WITH PREJUDICE.

###

SUBMITTED BY:

James Schwitalla, Esquire
The Bankruptcy Law Offices of James Schwitalla, P.A.
12954 SW 133 Court, Miami, FL 33186
Phone: 305.278.0811, Fax: 305.278.0812
jws@MiamiBKC.net

THE FOLLOWING PARTIES ARE TO RECEIVE A CONFORMED COPY OF THIS ORDER:

James Schwitalla, Esq
James Miller, Esq.
Trustee, Plaintiff
Debtors, Defendants

Attorney Schwitalla is directed to serve copies of this order on the parties listed who do not receive a copy electronically and file a certificate of service.